PADOVANO, J.,
dissenting.
I have no doubt that the citizen informant was reliable but I do not think that the information he provided to the police was sufficient to create a reasonable suspicion. The observation the informant made could have been a sign that the occupants of the vehicle were snorting cocaine but it could also have been an indication of innocent conduct. Because the suspicion of criminal activity did not rise to the threshold of a “reasonable suspicion” as defined in the law of search and seizure, the detention was unlawful and the evidence seized from the automobile should have been suppressed.
The argument for suppression of the evidence in this case is at least as compelling as the one that prevailed in Ford v. State, 783 So.2d 284 (Fla. 2d DCA 2001). In that case, a woman saw a man approach another man in front of a store. The first man put something in his pocket and gave the second cash. The woman assumed she had witnessed a drug deal and reported it to the police. She identified the first man as the person she saw, and the police approached the man and searched him without conducting any further investigation.
Based on these facts, the court held in Ford that the officers lacked a founded suspicion. The court concluded that the information they had received from the citizen informant was not in itself sufficient to establish a reasonable suspicion. As the court explained, a founded suspicion of criminal activity is dependent upon both the informant’s reliability and the content of the information she relays. Courts consider both factors in determining whether the totality of the circumstances justifies a stop.” Ford, 783 So.2d at 285.
Here we have a very similar situation. The observation that the suspect may have been snorting cocaine was not made by a trained police officer but rather by a lay person. The officers conducted no investigation of their own and saw nothing that would independently lead them to conclude that the suspect was engaged in illegal activity. The informant may have been suspicious of the two men he saw in the car, but the information he passed along to the police did not rise to the level of a reasonable suspicion as defined by law.
For these reasons, I respectfully dissent. I would reverse the order with directions to suppress the evidence on the ground that the officers lacked a reasonable suspicion to justify the detention.